IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONWAY WILTSHIRE,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 09-_____ |
| **JAMES H. FITZGERALD, EDWARD HARRIS,** | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Conway Wiltshire is a citizen of the United States. Notwithstanding that objectively verifiable fact, the defendants, officers of United States Immigration and Customs Enforcement, directed the detention of plaintiff in immigration custody based on their purported, but groundless, belief that plaintiff was an alien subject to removal from the United States.

2. As a result of the defendants' actions, plaintiff's liberty was unjustly restricted for six months.

3. Plaintiff brings this action under the Fourth and Fifth Amendments to the United States Constitution and the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking compensation for the harms that defendants caused.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint under the Fourth and Fifth Amendments to the United States Constitution and 28 U.S.C. § 1331.

5. Venue is properly with this District under 28 U.S.C. § 1402(b) as the acts that are the subject of this Complaint occurred within the District, in Bucks County, Pennsylvania and in Philadelphia, Pennsylvania.

## PARTIES

6. Plaintiff Conway Wiltshire, who is 43-years-old, is and was at all times relevant to this Complaint a resident of Philadelphia, Pennsylvania.

7. Defendant James H. Fitzgerald is and was at all times relevant to this Complaint a Supervisory Detention & Deportation Officer employed in the Philadelphia office of United States Immigration and Customs Enforcement. He is sued in his individual capacity.

8. Defendant Edward Harris is and was at all times relevant to this Complaint an Immigration Enforcement Agent in the Philadelphia office of United States Immigration and Customs Enforcement. He is sued in his individual capacity.

9. At all times relevant to this Complaint, defendants Fitzgerald and Harris were acting within the scope and course of their employment with United States Immigration and Customs Enforcement, an executive agency of the United States.

10. At all times relevant to this Complaint, defendants Fitzgerald and Harris were acting as investigative or law enforcement officers.

## FACTUAL ALLEGATIONS

11. Plaintiff Conway Wiltshire was born in Jamaica on September 6, 1966.

12. In or around November 1970, when plaintiff was four years old, plaintiff's father, Lesther Wiltshire, and mother, Cynthia Wiltshire, moved their family, including plaintiff, to the United States.

13. Plaintiff was admitted to the United States as a lawful permanent resident, or "green card holder."

14. Plaintiff has never left the United States since his entry in 1970.

15. In or around 1978, plaintiff's parents naturalized as United States citizens.

16. Because both of his parents naturalized before plaintiff's 18th birthday, and because plaintiff had been admitted for lawful permanent residence in the United States, plaintiff "derived" United States citizenship by operation of then existing law, 8 U.S.C. § 1432(a); Immigration & Nationality Act § 321(a) (repealed 2000).

17. In or about October 2007, plaintiff was taken into custody at the Bucks County Correctional Facility in Bucks County, Pennsylvania, on criminal charges relating to the issuance of a bad check.

18. On October 24, 2007, plaintiff entered a guilty plea to those charges in the Bucks County Court of Common Pleas. Plaintiff received a sentence of three-to-twenty-three months' imprisonment to be served in Bucks County.

19. On or about October 25, 2007, defendants Fitzgerald and Harris investigated plaintiff's background to determine whether he was an alien subject to removal from the United States.

20. All aliens who are admitted to the United States for lawful permanent residence, including plaintiff and his parents, are identified by an alien number called an "A number." Each "A number" has a corresponding paper file, or "A file," containing documents related to the alien's entry and naturalization.

21. A cursory review of plaintiff's A file and/or the A files of his parents demonstrates that plaintiff obtained derivative citizenship of the United States when his parents naturalized in 1978.

22. At the time that defendants investigated plaintiff's background, plaintiff's A file and the A files of his parents were readily available to defendants.

23. Notwithstanding the objectively verifiable fact of plaintiff's citizenship, on or about October 25, 2007, defendants Fitzgerald and Harris caused an immigration detainer to be lodged against plaintiff.

24. The immigration detainer notified officials of the Bucks County Correctional Facility that, upon plaintiff's release from custody on his criminal sentence, he was to be released to the custody of United States Immigration and Customs Enforcement.

25. On or about October 25, 2007, defendant Harris met with plaintiff at the Bucks County Correctional Facility. Plaintiff informed defendant Harris that he is a United States citizen.

26. On or about November 13, 2007, defendants Fitzgerald and Harris issued to plaintiff a "Notice to Appear," a document that is a charging instrument for the initiation of administrative proceedings to remove an alien from the United States.

27. In the Notice to Appear, defendants Fitzgerald and Harris falsely claimed that plaintiff is not a citizen of the United States. Defendants Fitzgerald and Harris further claimed that, because plaintiff had criminal convictions that would render a non-citizen removable from the United States, plaintiff should be removed from the United Sates.

28. Between October 2007 and January 2008, plaintiff repeatedly informed defendants that he is a citizen and that he should not be subject to an immigration detainer or removal proceedings.

29. Despite plaintiff's representations to defendants that he is a citizen, defendants failed to conduct an appropriate investigation and willfully and/or recklessly ignored available facts demonstrating plaintiff's citizenship.

30. There was no legal cause for the issuance of an immigration detainer or a Notice to Appear against plaintiff.

31. On or about January 24, 2008, plaintiff was granted parole from his criminal sentence.

32. Because plaintiff was subject to the immigration detainer lodged by the defendants, plaintiff was not released from custody, but, instead, was sent to immigration custody.

33. Plaintiff was held in immigration custody, first, in York County Prison in York, Pennsylvania.

34. Thereafter, plaintiff was transferred to the El Paso Processing Center in El Paso, Texas.

35. While held in El Paso, Texas, plaintiff had several court dates relating to removal proceedings in the Immigration Court.

36. On April 23, 2008, attorneys for United States Immigration and Customs Enforcement agreed to terminate the removal proceedings against plaintiff on the ground that plaintiff is a citizen of the United States.

37. Plaintiff was released from the El Paso Processing Center on April 23, 2008. Plaintiff had no money and was provided no means of transportation back to Philadelphia. Plaintiff was, therefore, forced to contact his father, who then wired him money so that plaintiff could purchase a bus ticket to travel from El Paso to his home in Philadelphia.

38. As a direct and proximate result of the conduct of defendants Fitzgerald and Harris, plaintiff suffered substantial damages, including physical pain and suffering, emotional distress and harm, embarrassment, loss of the enjoyment of life, lost wages and other financial losses, and lost liberty.

39. Plaintiff's lost liberty spanned approximately six months, as follows:

   a. While serving his sentence in the Bucks County Correctional Facility, because an immigration detainer was lodged against him, plaintiff was not permitted to participate in a work release program for which he was otherwise eligible, and, as a result, suffered financial harms and the loss of liberty.

   b. Additionally, plaintiff spent three months in immigration custody after he was paroled from his criminal sentence.

40. Defendants' actions deprived plaintiff of his liberty and thus amounted to a seizure of his person.

41. Defendants' actions were arbitrary and capricious and had no rational basis.

42. Defendants' actions failed to provide plaintiff with due process of law.

43. At all times relevant to this Complaint, the conduct of defendants Fitzgerald and Harris was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

44.     At all times relevant to this Complaint, defendants Fitzgerald and Harris acted jointly and in concert and conspiracy to violate plaintiff's rights under federal and state law.

## CAUSES OF ACTION

### Count I
### Plaintiff v. Defendants Fitzgerald and Harris
### Constitutional Claims

45.     The actions of defendants Fitzgerald and Harris violated plaintiff's right to be free from unlawful seizures in violation of the Fourth Amendment to the United States Constitution and deprived plaintiff of liberty without due process of law in violation of the Fifth Amendment to the United States Constitution.

**WHEREFORE**, plaintiff respectfully requests:

A.     Compensatory damages as to defendants Fitzgerald and Harris;

B.     Punitive damages as to defendants Fitzgerald and Harris;

C.     Reasonable attorneys' fees and costs;

D.     Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial as to all claims stated in this Complaint.

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)

*Counsel for Plaintiff*

7